UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL L. STEVENS

    Petitioner,

v.                                                         Case No. 8:07-cv-2195-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Daniel L. Stevens petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his three state convictions for lewd and lascivious molestation. Stevens alleges several claims of both ineffective assistance of trial counsel and trial court error. Numerous exhibits ("Respondent's Exhibit __") support the response. (Docs. 19, 36)

## **FACTS**[1]

Informations in two separate cases (case nos. 01-2023 (two counts) and 01-5068) charged Stevens with three counts of lewd and lascivious molestation.

---

[1] This factual summary derives from the state court record and the state post-conviction court's order denying Stevens's Rule 3.850 motion. (Respondent's Exhibits 1, 12, 25)

Stevens pleaded guilty to all three charges and was sentenced to concurrent thirteen-year terms of imprisonment followed by two years of probation.[2]

## I. GROUNDS BARRED BY ENTRY OF GUILTY PLEA

**Grounds One, Two, and Six**

In ground one Stevens contends that his trial counsel rendered ineffective assistance by not moving to suppress Stevens's statements from a "pre-test interview" before Stevens's polygraph examination. In ground two Stevens contends that this trial counsel rendered ineffective assistance by allowing the prosecutor to consolidate his two cases for a single trial. Stevens argues that counsel's errors alleged in grounds one and two influenced his decision to plead guilty. In ground six Stevens contends that his convictions for two counts of lewd and lascivious molestation in case no. 01-2023 violate the prohibition against double jeopardy because he was charged in one information with two violations of the same statute.

"A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea will be upheld on federal review.'" *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)). Although a defendant's statements

---

[2] Stevens's original sentence included five years of probation. Stevens successfully moved to correct his sentence, which reduced his probation from five years to two years. (Respondent's Exhibit 12)

- 2 -

during a plea colloquy are not insurmountable, "the representations of the defendant [at a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

Stevens presents no challenge to the plea colloquy. His sworn statements at the colloquy (Respondent's Exhibit 19, August 17, 2001, plea hearing, pp. 3-6, 8-10) demonstrate that he (1) understood both the charges against him and the consequences of pleading guilty and (2) chose without coercion to plead guilty. *Stano v. Dugger*, 921 F.2d at 1141. Stevens fails to establish that he involuntarily entered his guilty plea.[3]

A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). Stevens's grounds allege constitutional violations that occurred before he pleaded guilty. The voluntary plea waived Stevens's antecedent non-jurisdictional grounds because the grounds do not implicate the validity of the plea. *See Wilson*, 962 F.2d at 997 (holding that a claim of pre-plea, ineffective assistance of counsel is waived); *United States v. Broce*, 488 U.S. 563, 569 (1989) (holding that a voluntary guilty plea forecloses a subsequent double jeopardy challenge); *Dermota v. United States*, 895 F.2d

---

[3] At the plea hearing Stevens failed to preserve a double jeopardy violation for appeal.

1324 (11th Cir.), *cert. denied*, 498 U.S. 837 (1990) (same). Grounds one, two, and six are precluded by his guilty plea.

## II. COGNIZABILITY

**Grounds Five, Seven, and Eight**

In ground five Stevens alleges that the state trial court lacked jurisdiction to enter a judgment or impose a sentence because "the crimes, as charged, are fatally defective [and] duplicitous," resulting in a due process violation. In ground seven Stevens contends that the state trial court lacked the authority to impose a term of probation as part of his sentence. In ground eight Stevens contends that the state trial court lacked jurisdiction to sentence him because the statute under which he was charged, Fla. Stat. §§ 800.04(5)(a) and (c)(2), is unconstitutionally vague and violates his right to due process.

Federal habeas relief for a person in custody under the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). *See also Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993). Stevens's grounds challenging the state trial court's jurisdiction under state law present no basis for federal habeas corpus relief because the grounds present no federal constitutional question. 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). The limitation on federal habeas review to a claim of federal constitutional error applies

with equal force when a petition, which actually involves a state law issue, is couched in terms of a Fourteenth Amendment due process violation. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976). Consequently, grounds five, seven, and eight warrant no relief.

## III.   MERITS

Stevens's remaining two grounds are exhausted and entitled to review on the merits.

### Standard of Review

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Stevens's petition. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal

law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, ____ U.S. ____, 130 S. Ct. 1855, 1866 (2010). *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court affirmed the denial of Steven's subsequent Rule 3.850 motion to vacate. (Respondent's Exhibit 34) The state appellate court's *per curiam* affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has

denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398. Stevens bears the burden of overcoming by clear and convincing evidence a state court's factual determination. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Steven's post-conviction claims warrants deference in this case. (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibits 25 and 27)

## **Standard for Ineffective Assistance of Counsel**

Stevens claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

- 9 -

judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Stevens must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Stevens must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Stevens cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at

- 10 -

> trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Stevens must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a

rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

**Ground Three**

Stevens contends that his trial counsel rendered ineffective assistance by not securing a presentence investigation report before Stevens's sentencing. He claims that counsel's error violated Stevens's right to due process and precluded the trial court's considering all possible information in deciding whether to accept Stevens's plea and the proposed sentence.

The state post-conviction court rejected (Respondent's Exhibit 27, pp. 1-4) (court's record citations omitted) this ground in Stevens's Rule 3.850 motion:

> 1. In ground three, Defendant alleged that his counsel was ineffective because she failed to ensure that pursuant to Fla. R. Crim. P. 3.710,[4] the trial court ordered the Department of Corrections (DOC) to prepare Defendant's presentence investigation (PSI) prior to sentencing Defendant as a first time felony offender. The court was unable to conclusively refute Defendant's allegation and the State was ordered to respond to ground three.
>
> 2. The State's response . . . acknowledges that first time felony offenders are entitled to a PSI; however, the State also noted that "[t]he purpose of a PSI is to provide a sentencing

---

[4] Fla. R. Crim. P. 3.710(a) states in relevant part:

> In all cases in which the court has discretion as to what sentence may be imposed, the court may refer the case to the Department of Corrections for investigation and recommendation. No sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense or found guilty while under the age of 18 years, until after such investigation has first been made and the recommendations of the Department of Corrections received and considered by the sentencing judge.

- 12 -

>> judge with pertinent information to sentencing a defendant when the sentence is at the judge's discretion."

>> . . . .

>> 4. In exchange for a guilty plea as charged in case 01-2023 (counts one and two) and in case 01-5068 (count two), the State offered to *nolle pros* count one, capital sexual battery, in case 01-5068, which carries a minimum mandatory sentence of twenty-five (25) years. A review of the State's plea letter, which stated the proposed sentence and a list of the special conditions that would be required of Defendant,[5] indicates that Assistant State Attorney Jalal Harb signed the State's offer, and both Defendant and his Assistant Public Defender, Ursula Richardson, signed the Agreement page. Defendant's signature indicated that he understood and accepted all of the terms and conditions of the plea letter and Ms. Richardson's signature indicated that she was Defendant's counsel of record, had personally reviewed all of the Special Conditions of the community control/probation with Defendant, and that, to the best of her knowledge, Defendant fully understood the agreement.

>> 5. Pursuant to the terms of the plea letter, Defendant reviewed and, with his attorney's assistance, executed the Plea Form, Acknowledgment, and Waiver of Rights, and thus entered a guilty plea in his best interests and accepted th[e] State's plea offer.

>> 6. [Counsel] advised the court that the State and Defendant had reached an agreement. A review of the plea colloquy transcript conclusively established that Defendant freely and voluntarily accepted the State's offer and it was his choice

---

[5] The plea letter to Stevens's counsel from the prosecutor includes a proposed sentence:

> Please be advised that your client will be permitted to enter a plea of guilty on case no. 01-5068 to count two, Lewd or Lascivious Molestation and count one will be Nolle Prossed. In case no. 01-2023 the defendant will plead guilty as charged for an adjudication of guilt and a sentence of thirteen years Florida State Prison followed by five (5) years Sex Offender probation.

(Respondent's Exhibit 27, Attach. 2) The state trial court judge at the conclusion of the plea hearing imposed the sentence contemplated by the plea letter.

- 13 -

>    to withdraw his not guilty plea in exchange for the plea
>    agreement.
>
> 7. As a result of Defendant's decision to accept the plea
>    agreement, the court was left with no discretion in terms of
>    Defendant's sentence; therefore, there was no need for a
>    PSI.
>
> . . . .
>
> 9. Defendant's allegation in Ground 3 was that his trial
>    counsel was ineffective; however, because Defendant
>    accepted a plea agreement with a predetermined sentence,
>    there was absolutely no need for a PSI. Therefore,
>    [counsel]'s failure to request a PSI was neither ineffective
>    nor deficient performance. As such, Defendant fails to
>    meet the *Strickland* test and Ground 3 is denied.

The record supports the state court's rejection of Stevens's ineffective assistance ground. Even assuming that counsel performed deficiently by not requesting a presentence investigation report, Stevens fails to show that, absent counsel's error, he would have received a lesser sentence. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Stevens's failure to establish prejudice precludes relief on this ground of ineffective assistance of counsel because the requirements of *Strickland* remain unsatisfied. *See Strickland v. Washington*, 466 U.S. at 691-92. The state court's rejection of this ground amounts to neither an unreasonable application of *Strickland* nor an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2).

- 14 -

**Ground Four**

Stevens contends that his trial counsel rendered ineffective assistance by not ensuring the accuracy of Stevens's sentencing scoresheet. Stevens argues that his scoresheet includes an incorrect offense level for each of his convictions, which resulted in a plea offer of 153 months rather than 89.89 months.

The state post-conviction court rejected this ground in Stevens's Rule 3.850 motion:

> In ground four, Defendant claims that his counsel allowed him to be sentenced to an improperly calculated scoresheet. On July 17, 2002, Defendant filed a Motion to Correct Sentencing Guideline Scoresheet Errors. The court ordered the State to respond to Defendant's motion. The State's response was filed . . . and . . . the court denied Defendant's motion stating that his scoresheet was properly calculated.
>
> Since there was no error on Defendant's scoresheet, it cannot be said that Defendant's counsel was ineffective. Therefore, ground four is denied.

(Respondent's Exhibit 25, p. 5)

While Stevens's ineffective assistance ground is of federal constitutional dimension, his underlying claim challenging his state sentencing guidelines calculation is a matter of state law. Both the state post-conviction court in rejecting Stevens's ground of ineffective assistance and the state district court of appeal in affirming that rejection have answered the question of what would have happened if counsel had challenged the calculation as Stevens now suggests. *See, e.g., Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme

Court already has told us how the issues would have been resolved under state law had [petitioner's counsel] done what [petitioner] argues he should have done . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'"); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on [state law] – the objection would have been overruled . . . . Therefore, [petitioner's counsel] was not ineffective for failing to make that objection."). Accordingly, Stevens shows neither deficient performance nor resulting prejudice from counsel's alleged error. *Strickland*, 466 U.S. at 691-92. This ground warrants no relief because Stevens fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this ground for relief. *See* 28 U.S.C. § 2254(d)(1), (2).

Accordingly, Stevens's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Stevens and close this action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Stevens is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Stevens must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).

Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Stevens cannot meet *Slack's* prejudice requirement. 529 U.S. at 484. Finally, Stevens is not entitled to appeal *in forma pauperis* because he is not entitled to a COA.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Stevens must pay the full $455 appellate filing fee without installments unless the circuit court allows Stevens to proceed *in forma pauperis*.

ORDERED in Tampa, Florida, on January 28, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE